RECEIVED
IN ALEXANDRIA, LA

NOV 1 2 2009

TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

JARRELL CARTER
DOC# 527084

DOCKET NO. 09-cv-763; SEC. P

VERSUS

JUDGE DEE D. DRELL

MICHAEL JOHNSON, ET AL.

MAGISTRATE JUDGE JAMES D. KIRK

## REPORT AND RECOMMENDATION

Before the court is a civil rights complaint (42 U.S.C. §1983) filed by Plaintiff Jarrell Carter (#527084), pro se and in forma pauperis, on May 11, 2009. Carter is an inmate in the custody of the Louisiana Department of Public Safety and Corrections (LDOC) and is currently incarcerated at the Tensas Parish Detention Center in Waterproof, Louisiana. He complains that his civil rights were violated by Defendants Michael James, Lieutenant Byron, and Robert Lee of the Bunkie Detention Center. He seeks injunctive relief.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court.

### FACTS ALLEGED

Plaintiff claims that on April 24, 2009, while incarcerated at the Bunkie Detention Center, he was choked by the officers and placed on lock-down for a period of three days without a mattress or access to a shower. Plaintiff complains that when he requested a grievance form and to speak to his lawyer, he was transferred to

the Avoyelles Parish Jail in Marksville, Louisiana. According to a letter from the Avoyelles Parish Sheriff's Office, Plaintiff was transferred to the Tensas Parish Detention Center on June 26, 2009.

## LAW AND ANALYSIS

Plaintiff's complaint, in which he seeks relief in the form of an investigation into Bunkie Correctional Center, was filed after Plaintiff he was transferred from Bunkie Correctional to the jail in Marksville. The transfer of a prisoner out of an allegedly offending institution generally renders his claims for declaratory and injunctive relief moot. See Herman v. Holiday, 238 F.3d 660 (5th Cir. 2001)(citing Cooper v. Sheriff, Lubbock County, Tex., 929 F.2d 1078, 1081 (5th Cir. 1991). In order for Plaintiff's claims to remain viable, he would have to establish a "demonstrated probability" or a "reasonable expectation" that he would again be incarcerated at Bunkie Correctional Center. See Murphy v. Hunt, 455 U.S. 478, 482 (1982). Plaintiff is now incarcerated in Waterproof, Louisiana, and there is no allegation or evidence indicating a reasonable likelihood that he would be returned to Bunkie Correctional Center. Therefore, Plaintiff's claim should be dismissed.[1]

---

[1]Moreover, the decision whether to investigate and ultimately prosecute officials for alleged violations of an inmate's federal civil rights is left to the discretion of the United States Attorney. Jones v. Rivers, 134 F.3d 367 (5th Cir. 1997)(citing Inmates of Attica Correctional Facility v. Rockefeller, 477 F.2d 375, 379-81 (2nd Cir. 1973); United States v. Cox, 342 F.2d 167, 171 (5th Cir. 1965)(en banc)).

## CONCLUSION

For the foregoing reasons, it is **RECOMMENDED** that Plaintiff's claim for injunctive relief be **DISMISSED as MOOT.**

Under the provisions of 28 U.S.C. §636(b)(1)(c) and Fed.R.Civ.Proc. 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within ten (10) days after being served with a copy thereof.

Failure to file written objections to the proposed factual finding and/or the proposed legal conclusions reflected in this Report and Recommendation within ten (10) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See Douglas v. United Services Automobile Association, 79 F.3d 1415 (5th Cir. 1996).

THUS DONE AND SIGNED at Alexandria, Louisiana, this 10th day of _____, 2009.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE

3